120 F.3d 270
 97 CJ C.A.R. 1632
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kole ARIJE, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, a municipal corporation; Denver
Police Department; David Michaud, Chief of Police, City of
Denver; John Doe I, Sgt., City of Denver Police; John Doe
II, City of Denver Police; E.J. Davis, City of Denver
Police; Walgreens, Inc.; Dave Caroon, employee and
security personnel, Walgreens, Inc.; John Doe I, Assistant
Manager, Walgreens, Inc.; Twin City Security, Inc.; Don
Sweetman, employee, Twin City Security, Inc., jointly and
severally liable, Defendants-Appellees.
 No. 96-1444.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1997.
 
 ORDER AND JUDGMENT*
 Before BRORBY, EBEL and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kole Arije, appearing pro se, appeals the district court's grant of summary judgment in favor of the City and County of Denver, the Denver Police Department, Dave Michaud, E.J. David, and two unnamed Denver police officers, (the "public defendants") and the district court's grant of summary judgment in favor of Walgreens, Inc., Dave Caroon, Twin City Security, Inc., Don Sweetman, and an unnamed Walgreens' employee (the "private defendants").
 
 
 3
 On August 31, 1995, Mr. Arije initiated this civil rights action against the various defendants based on the events surrounding his detainment for suspected shoplifting and subsequent arrest by the Denver Police Department.[1] Mr. Arije's complaint asserted claims under 42 U.S.C. §§ 1983, 1985 and 1986, as well as state law claims of false imprisonment, assault and battery.
 
 
 4
 On August 17, 1996, the district court granted the defendants' motions for summary judgment. The district court found Mr. Arije failed to present any evidence to support a finding the public defendants violated any of his constitutional rights. The district court found Mr. Arije provided only conclusory allegations, which were insufficient to defeat summary judgment. The district court then found Mr. Arije failed to present any evidence showing an agreement and concerted action between the public defendants and the private defendants. Therefore, the district court concluded there was no evidence in the record to support Mr. Arije's federal claims and granted the defendants' motions for summary judgment.[2] Judgment was entered August 26, 1996.
 
 
 5
 On appeal, Mr. Arije contends the district court erred in granting the defendants' motions for summary judgment and in denying his motion for summary judgment.[3] We review the district court's grant or denial of summary judgment de novo. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir.1996). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id.
 
 
 6
 After review of the record, we agree with the district court that Mr. Arije has failed to present sufficient evidence to establish a genuine issue of material fact. Hence, we affirm substantially for the reasons set forth in the district court's Minute Order Regarding Summary Judgment filed August 17, 1996, a copy of which is attached hereto. In addition, Mr. Arije's motion for default judgment and motion for remand are denied.
 
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 We note Mr. Arije commenced this action in Colorado state court. However, the City and County of Denver and the Denver Police Department successfully removed the action to federal district court
 
 
 [2]
 In light of the court's determination, the court declined to exercise jurisdiction over Mr. Arije's state claims
 
 
 [3]
 In his opening brief, Mr. Arije lists several other "issues." However, due to our disposition, we need not address these "issues." See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir.) (we will not consider issues that do not affect the outcome of the appeal), cert. denied, 502 U.S. 878 (1991)